1:18MJ4176-JDG

# CRIMINAL COMPLAINT AFFIDAVIT

I, Michael J. Thomas, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application for a criminal complaint authorizing the arrest of GOVIND SAILESH PAPPU.

2. I am a Special Agent with the Department of Homeland Security, U.S. Immigration and Customs Enforcement (ICE), Homeland Security Investigations ("HSI"), and have been in that position with HSI or its legacy agencies since November 2002. As a Special Agent of HSI, your Affiant received basic drug training at the Federal Law Enforcement Training Center, in Glynco, Georgia. Your Affiant has received field training and accrued practical experience in advanced drug-related investigative techniques which include, but are not limited to, surveillance, undercover operations, interview and interrogation techniques, informant recruitment and control, search warrant and case preparation, and interception and analysis of recorded conversations including the participation in Title III wiretap investigations.

3. The information contained in this Affidavit is based upon my personal knowledge and observations, my training and experience, conversations with other law enforcement officers and witnesses, and the review of documents and records. Because this affidavit is submitted for the limited purpose of establishing probable cause that GOVIND SAILESH PAPPU did knowingly (1) cause the importation of a controlled substance in violation of Title 21, Section 952, United States Code, (2) possess with the intent to distribute a controlled substance, in violation of Title 21, Section 841, United States Code, and (3) conspire to possession with the

intent to distribute a controlled substance in violation of Title 21, Section 846, United States Code. I have not included each and every fact known to me concerning this investigation.

## OVERVIEW OF THE INVESTIGATION

4. On May 11, 2017, HSI SA Michael Grote; as authorized by Title 19, United States Code, Section 1467 and Title 19, Code of Federal Regulations, Section 162.6, which states that all persons, baggage and merchandise arriving in the Customs territory of the United States from places outside thereof are subject to inspection; examined a parcel pursuant to a customs border search. The parcel from Hong Kong, said to contain a "STATIONARY CASE" from "HOU ZUO TRADING CO LT, 31E The Seventh Building, Weipeng Garden Zhenzhong Road, Hong Kong;" and addressed to "Shane Moran, 10811 Almira Avenue, Cleveland Ohio, 44111;" was found to contain approximately one kilogram of a white powder concealed within a bag of dog food. The powder was turned over to the Cuyahoga County Forensics Laboratory for analysis.

5. Cuyahoga County Forensics Laboratory case number 2017-001450-0025 indicated the powder submitted for analysis tested positive for 5-Fluoro-ADB, Schedule I, Net Weight: 1000.4 grams +/-2.61 grams at a coverage probability of 95.45 %.

6. On May 12, 2017, a second parcel containing approximately 999 grams of 5-Fluoro-ADB was seized by U.S. Customs and Border Protection (CBP), addressed to 9914 Nicholas Avenue, Cleveland, Ohio. Many characteristics of the second box were similar to the Shane Moran parcel including, the consignee telephone numbers listed both packages were identical. The powder from the second parcel was also determined by the Cuyahoga County

Forensics Laboratory to contain 5-Fluoro-ADB (5-Fluoro-ADB, Schedule I, Net Weight 999.2 grams +/-2.60 grams at a coverage probability of 95.45).  Agents did not attempt a delivery of the, 9914 Nicholas Avenue, Cleveland, Ohio parcel.

7. On May 16, 2017, HSI Cleveland with the assistance of CBP, conducted a controlled delivery of the original Shane Moran parcel containing a representative sample of 5-Fluoro-ADB, synthetic cannabinoid.  At approximately 9:00 a.m., GOVIND SAILESH PAPPU came to the door of 10811 Almira Avenue, took possession of the parcel, signed a signatory acceptance sheet for the target parcel, and returned inside 10811 Almira Avenue.

8. After the delivery HSI Cleveland executed an anticipatory search warrant authorized by U.S. Magistrate Judge David A. Ruiz, of the Northern District of Ohio.  Pursuant to the search warrant HSI recovered the package PAPPU accepted as well as seized five electronic devices, marijuana, drug paraphernalia, and other items; including a copy of a Social Security Administration document for GOVIND SAILESH PAPPU listing PAPPU's address as 9914 Nicholas Avenue, Cleveland, Ohio.

9. On June 13, 2017, CBP Officers detained a second package addressed to: Shane Moran, 10811 Almira Avenue, Cleveland Ohio, 44111; for a detailed inspection. Unlike the controlled delivery parcel seized on May 12, 2017, this package came from mainland China.  This parcel was also taken to the Cuyahoga County Forensics Laboratory for analysis, and found to contain approximately 999 grams of 5-Fluoro-ADB.  CBP seized the parcel on July 5, 2017, following the lab determination.

10. Your Affiant conducted database queries regarding PAPPU and addresses associated to PAPPU. A public records check using the CLEAR system indicated PAPPU associated to several addresses including 10811 Almira Ave, Cleveland, Ohio, and 9914 Nicholas Ave, Cleveland, Ohio. Queries made in databases maintained by the Department of Homeland Security, indicated on January 6, 2017, approximately 516 grams of 5-Fluoro-ADB was seized by CBP from a parcel addressed to 9914 Nicholas Avenue, Cleveland, Ohio. The consignee, Daniel Watson, was unidentifiable related to the address.

11. A subsequent search warrant was executed on the devices seized from PAPPU during the May 16, 2017, search warrant. The telephone number associated to the Apple iPhone model A1387, was 614-601-8252. This phone number was also listed as the consignee phone on the parcel addressed to Shane Moran, 10811 Almira Avenue, Cleveland, Ohio, and accepted by PAPPU on May 16, 2017. This phone number was also listed as the consignee phone on the parcel addressed to Charles Pike, 9914 Nicholas Avenue, Cleveland, Ohio, also seized by CBP for containing 5-Fluoro-ADB. A Homeland Security, Controlled Substance Enforcement Subpoena served on Selectel, Inc., indicated 614-601-8252 was a customer account under the name of Papu Damna, 3569 Fulton Road, Cleveland, Ohio 44109.

12. Your Affiant reviewed emails contained in the iPhone model A1387. An email account associated with the phone (watson.daniel786@yahoo.com) contained several chains of messages between the account and Mr. Chemistry (mrchemistrycom@gmail.com and/or support@mrchemistry.com). Mr. Chemistry is known by the Department of Homeland Security, to be a Chinese Distributor of synthetic stimulants, cannabinoids and other illicit chemical compounds. Within these chains the names Daniel Watson, Charles Pike, Shane Moran, and

4

others are given to Mr Chemistry as either the corresponded or as names for Mr Chemistry to send packages of 5F-ADB (5-Fluoro-ADB) to either 10811 Almira Avenue, and/or 9914 Nicholas Avenue, Cleveland.  The price for 5F-ADB discussed in these emails was $2200 U.S. dollars per kilogram and that price includes shipment.  Mr. Chemistry provided DHL number 2546721273 to watson.daniel786@yahoo.com for shipment tracking.  DHL waybill 2546721273 matched the tracking number for the Shane Moran package seized on May 12, 2017.  Also provided by Mr. Chemistry was DHL number 6897352792, that matched the DHL waybill for the Charles Pike package seized on May 12, 2017.

13.     Also contained in emails recovered from the iPhone were email order confirmations for multiple purchases of damiana leaf orders from two herb supply companies, MountainRoseHerbs.com and the Monterey Bay Spice Company (herbco.com).  Both companies have open internet web sites and advertise the sale of herbs, spices, and oils.  Your affiant knows, based on training and experience, that synthetic cannabinoids like 5-Fluoro-ADB are commonly prepared for distribution and use by liquefying the raw powder form with a chemical, such as acetone, and then spraying that liquid on natural herbs, like damiana leaf, to give the appearance of marijuana, which can be smoked in the same ways.

## CONCLUSION

14.     Based on the facts set forth herein, and on my experience and training in investigating cases involving violations of federal law, I submit there is probable cause to believe that GOVIND SAILESH PAPPU has committed the following offenses: (1) cause the importation of a controlled substance in violation of Title 21, Section 952, United States Code, (2) possess with the intent to distribute a controlled substance, in violation of Title 21, Section

841, United States Code, and (3) conspire to possession with the intent to distribute a controlled substance in violation of Title 21, Section 846, United States Code.

Respectfully submitted,

Michael J. Thomas
Special Agent
Homeland Security Investigations

This affidavit was sworn to by the affiant, who did no more than attest to its contents pursuant to Crim. R. 4.1(b)(2)(A), by telephone after a PDF was transmitted by email, per Crim R. 4.1.

JONATHAN D. GREENBERG
UNITED STATES MAGISTRATE JUDGE

08-17-18
Date